```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   NORTHERN DIVISION
```

| | |
|---|---|
| ERIK DAVIS, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 25-00101-KD-B |
| | * |
| THE CITY OF SELMA, *et al.*, | * |
| | * |
|     Defendants. | * |

## ORDER

Plaintiff Erik Davis ("Plaintiff"), who is proceeding without an attorney (*pro se*), filed a civil complaint[1] and a motion to proceed without prepayment of fees in the United States District Court for the Middle District of Alabama. (Docs. 1, 2). This action was subsequently transferred to the United States District Court for the Southern District of Alabama and was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). (Docs. 4, 5). Upon review of the record, the Court finds that Plaintiff's complaint is an impermissible shotgun pleading that fails to provide adequate notice of his claims and the factual grounds on which they rest, and that Plaintiff's motion to proceed without prepayment of fees is deficient.

---

[1] Plaintiff labeled his complaint as a petition. (Doc. 1 at 1).

I.   **COMPLAINT**

   A.   **Legal Standards**

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). Each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Relatedly, Rule 10(b) of the Federal Rules of Civil Procedure mandates that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" to the extent doing so "would promote clarity." Fed. R. Civ. P. 10(b).

These rules "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief

can be granted." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

Complaints that violate these rules are "disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has identified four general types or categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321-23. The unifying characteristic of all shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.[2]

---

[2] Although courts must liberally construe *pro se* pleadings and hold them to less stringent standards than formal pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), (Continued)

**B. Analysis**

Having reviewed Plaintiff's complaint, the Court finds that it is a deficient shotgun pleading that fails to comply with the basic pleading standards outlined above and fails to provide the Court and the Defendants with adequate notice of Plaintiff's claims and the factual grounds on which they rest.

Most obviously, the complaint falls into the third shotgun pleading category and violates Rule 10(b) because it does not make clear what claims for relief or causes of action Plaintiff is asserting, it does not separate Plaintiff's claims for relief or causes of action into different counts, and it does not specify which facts are intended to support which claims for relief or causes of action. See Weiland, 792 F.3d at 1322-23 ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.").

The complaint also falls squarely into the fourth shotgun pleading category because Plaintiff apparently seeks to raise multiple claims against multiple defendants, but he does not specify which of the defendants each of his claims is brought

---

this does not give a court license to act as counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). Even a *pro se* litigant is "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

against, nor does he specify which defendants' acts or omissions form the basis for which claims. See id. at 1323 (noting that the fourth type of shotgun pleading asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against").

Less importantly, the complaint arguably falls into the second shotgun pleading category, since it contains a number of "immaterial facts not obviously connected to any particular cause of action." See id. at 1322. For example, in paragraph 10 of his complaint, Plaintiff lists the "Selma Police Department's Mission Statement," which is immaterial to his claims, and he then engages in a bizarre and irrelevant discussion relating to evidence allowed at a trial. (See Doc. 1 at 7-8).

In the "Statement of Claim" section of his complaint, Plaintiff cites 42 U.S.C. § 1983 and various provisions of the United States Constitution, thus suggesting that he is attempting to assert claims under 42 U.S.C. § 1983. (See id. at 7-9). However, Plaintiff does not separate his putative § 1983 claims into different counts as required, nor does he specify the factual basis for each § 1983 claim or make clear which § 1983 claims are asserted against which defendants. See Sunbridge Healthcare LLC v. Azar, 2015 U.S. Dist. LEXIS 107795, at *13, 2015 WL 4937505, at *5 (M.D. Ala. Aug. 17, 2015) ("The Plaintiffs' Second Amended

5

Complaint refers to various provisions of the United States Constitution, and refers to 42 U.S.C. § 1983, but does not set out separate counts for relief.  Instead the references are within the 'Claim for Relief' and the 'Prayer for Relief.'  Where a plaintiff asserts multiple claims for relief the Plaintiff should separate those claims into separate counts.").

Plaintiff's complaint also violates the rule prohibiting fictitious-party pleading in federal court.  See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam).  The Eleventh Circuit recognizes a limited exception to this rule when the plaintiff's description of the defendant "is, 'at the very worst, surplusage' because the plaintiff's description of the defendant is 'sufficiently clear to allow service of process.'" Vielma v. Gruler, 808 F. App'x 872, 880 (11th Cir. 2020) (per curiam) (citing Dean v. Barber, 951 F.2d 1210, 1215-16 & n.6 (11th Cir. 1992)); see also Gibbons v. McBride, 124 F. Supp. 3d 1342, 1358 (S.D. Ga. 2015) ("A limited exception to [the rule against fictitious-party pleading] exists when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage, and thus discovery would uncover the unnamed defendant's identity.") (quotations omitted).  But if the plaintiff's description of a defendant "leaves the reader unable to identify the particular individual described," it will fall outside the narrow exception to the rule against fictitious-party

6

pleading. Huffman v. Dunn, 2021 U.S. Dist. LEXIS 115112, at *25, 2021 WL 2533024, at *9 (N.D. Ala. June 21, 2021) (explaining that "cases discussing the exception seem to turn on whether the description of the fictitious defendant (a) allows the reader to point to a specific individual or (b) leaves the reader wondering which person(s) out of a group fits the bill. The former is allowed; the latter is not."). Here, to the extent Plaintiff intends to name a "fictitious party" as a defendant (see Doc. 1 at 2), his description of the fictitious defendant does not identify a particular individual and thus falls outside the narrow exception to the rule against fictitious-party pleading.

Finally, the Court notes that the Selma Police Department is not a proper defendant because an Alabama "city's police department is not a suable entity or a proper party under state law or for § 1983 purposes." Blunt v. Tomlinson, 2009 U.S. Dist. LEXIS 28187, at *11, 2009 WL 921093, at *4 (S.D. Ala. Apr. 1, 2009).

C. **Order to File Amended Complaint**

The pleading deficiencies described above hinder this Court's ability to screen Plaintiff's complaint for the purpose of determining whether his claims are subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e).[3] When presented with a deficient

---

[3] "When a plaintiff in a federal suit moves for leave to proceed IFP, the district court must 'screen' his complaint under 28 U.S.C. § 1915(e). The district court shall dismiss an IFP complaint at (Continued)

7

shotgun pleading such as Plaintiff's complaint in this case, a district court should take the initiative to dismiss or strike the pleading and give the plaintiff an opportunity to replead his case. Weiland, 792 F.3d at 1321 n.10. When a plaintiff fails to make meaningful modifications to his shotgun complaint after being ordered to do so, the court may dismiss the case under the authority of either Federal Rule of Civil Procedure 41(b) or the court's inherent power to manage its docket. Id.[4]

Accordingly, Plaintiff's complaint (Doc. 1) is **STRICKEN** as an impermissible shotgun pleading. Plaintiff is **GRANTED LEAVE** to file an amended complaint on or before **April 17, 2025.** In drafting his amended complaint, Plaintiff must plead his claims with enough specificity to conform to Rules 8 and 10 of the Federal Rules of Civil Procedure and must address and correct the deficiencies outlined in this order. This includes: (1) identifying his pleading as an amended complaint; (2) naming only proper defendants and omitting purely fictitious defendants; (3) stating his

---

any time if it determines that the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Brennan v. Aldazabal, 772 F. App'x 852 (11th Cir. 2019) (per curiam) (citing 28 U.S.C. § 1915(e)(2)(B)).

[4] A *pro se* plaintiff must generally be given at least one chance to remedy his complaint's deficiencies before his action can be dismissed *sua sponte* on shotgun pleading grounds. Nezbeda v. Liberty Mut. Ins. Corp., 789 F. App'x 180, 183 (11th Cir. 2019) (per curiam).

allegations in numbered paragraphs, each limited as far as practicable to a single set of circumstances; (4) stating each cause of action or claim for relief in a separate count, and specifically identifying the legal basis for each cause of action or claim for relief asserted;[5] (5) providing the specific factual grounds upon which each cause of action or claim for relief is based, and clearly indicating which facts are intended to support which causes of action or claims for relief; (6) specifying which claims for relief or causes of action are asserted against which defendants, and specifying the conduct that each defendant is alleged to have engaged in with respect to each cause of action or claim for relief asserted against that defendant; and (7) stating the relief he seeks.

Plaintiff is hereby informed that a complaint in federal court must contain sufficient factual matter to state a facially plausible claim for relief. Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim.

---

[5] To the extent Plaintiff is asserting claims for relief under 42 U.S.C. § 1983, he must allege separate counts for each claimed constitutional violation.

9

Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010).  A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Plaintiff is further informed that 42 U.S.C. § 1983 "is merely a vehicle" by which to sue those acting under color of state law for violations of federal constitutional and statutory provisions; "it does not create any substantive federal rights."  Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1299 (11th Cir. 2007).  To state a claim for relief under § 1983, a plaintiff must allege facts showing that a person acting under color of state law violated a specific federal constitutional right or federal statutory provision.  Doe v. Sch. Bd. of Broward Cty., Fla., 604 F.3d 1248, 1265 (11th Cir. 2010); see also Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) ("A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.").

There is no "vicarious liability, including respondeat superior, in § 1983 actions." Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007). Thus, a defendant "may not be sued under Section 1983 for the acts of others but, rather, only for its own acts." Hamilton v. City of Jackson, 508 F. Supp. 2d 1045, 1056 (S.D. Ala. 2007), aff'd, 261 F. App'x 182 (11th Cir. 2008). Accordingly, a plaintiff asserting a claim under 42 U.S.C. § 1983 must show a causal connection between each defendant's actions, orders, customs, or policies and the alleged violation of the plaintiff's rights. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982).[6]

Plaintiff's amended complaint will replace his original complaint. Therefore, the amended complaint shall not reference or seek to incorporate by reference the original complaint. See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered

---

[6] Similarly, a municipality such as the City of Selma "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). Therefore, "to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).

11

abandoned and is no longer a part of the pleader's allegations against his adversary when an amended complaint is filed).

Plaintiff is hereby **cautioned** that if he does not file an amended complaint within the ordered time, or if he files an amended complaint that fails to address and correct the deficiencies in the original complaint that are described in this order, the undersigned will recommend that this action be dismissed.

## II.  MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

After careful review of Plaintiff's motion to proceed without prepayment of fees (Doc. 2), the undersigned finds that it does not provide enough information to allow the Court to determine whether Plaintiff should be permitted to proceed *in forma pauperis* in this action. In the motion, Plaintiff states that he is unemployed but has received income in the past twelve months from "lawn work." (Doc. 2-1 at 1). Plaintiff states that when he does yard work, he is limited by health issues and only makes about $300 a month. (Id.). Plaintiff also notes that he didn't work in January and February 2025 because of "cold weather" and "pain." (Id.). Plaintiff indicates that he has absolutely no money in cash or in a checking or savings account, and that he owns nothing of value. (Id. at 2). Nevertheless, Plaintiff reports that he has regular monthly expenses totaling $460 and also owes $38,000 in child support to his ex-wife, with whom he has an agreement for

child support.  (Id.).  However, despite reporting no assets or current income along with regular monthly expenses that well exceed his reported (and irregular) monthly income, Plaintiff does not explain how he provides for his basic living needs such as food, clothing, and shelter.  Therefore, Plaintiff's motion to proceed without prepayment of fees is deficient because it does not convey a complete and accurate depiction of Plaintiff's present financial situation.

Accordingly, Plaintiff's motion to proceed without prepayment of fees (Doc. 2) is **DENIED without prejudice**.  Plaintiff is **ORDERED** to file an amended motion to proceed without prepayment of fees on or before **April 17, 2025,** using this Court's standard form for a motion to proceed without prepayment of fees.  Plaintiff must make a good faith effort to carefully and completely respond to each question in the motion form so as to aid the Court in determining whether he should be permitted to proceed without prepayment of fees.  Plaintiff must include information that explains how he is providing for life's basic necessities, including food, clothing, and shelter.  To the extent he is receiving assistance in meeting the basic necessities, Plaintiff must detail the type and amount of such assistance and identify each individual, group, or entity providing such assistance.  Plaintiff's amended motion to proceed without prepayment of fees must convey a complete and accurate picture of his entire financial situation.  In lieu of filing an

amended motion to proceed without prepayment of fees, Plaintiff may pay the **$405.00** filing and administrative fees for a civil action on or before **April 17, 2025.**

Plaintiff is cautioned that if he fails to fully comply with this order within the required time, or if he fails to immediately notify the Court of any change in his address, the undersigned will recommend that this action be dismissed for failure to prosecute and failure to obey the Court's order.

The Clerk is **DIRECTED** to send Plaintiff copies of his original complaint and motion to proceed without prepayment of fees (Docs. 1, 2) for his reference, a copy of this Court's standard form for a motion to proceed without prepayment of fees for his use, and a copy of this Court's Pro Se Litigant Handbook for his review. Plaintiff is encouraged to review the handbook carefully and utilize it in drafting his amended complaint, so as to avoid repetition of the pleading deficiencies identified herein.

**DONE** this **17th** day of **March, 2025.**

/S/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**