IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ERIK DAVIS,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 25-00101-KD-B |
| | * |
| **THE CITY OF SELMA,** *et al.*, | * |
| | * |
| Defendants. | * |

## ORDER

This action is before the Court on review.[1] Plaintiff Erik Davis, who is proceeding without an attorney (*pro se*), commenced this action in the United States District Court for the Middle District of Alabama. (Docs. 1, 2, 3). The case was subsequently transferred to the United States District Court for the Southern District of Alabama. (Docs. 4, 5). In an order dated March 17, 2025, this Court struck Davis's complaint as an impermissible shotgun pleading and granted Davis leave to file an amended complaint on or before April 17, 2025. (Doc. 6 at 8). In the same order, the Court denied Davis's motion to proceed without prepayment of fees without prejudice and ordered Davis to either file an amended IFP motion or pay the $405 filing and administrative fees for a civil action on or before April 17, 2025.

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

(Id. at 13).  On April 22, 2025, Davis paid the $405 filing and administrative fees for this action, and the Court extended the deadline for Davis to file an amended complaint to April 28, 2025. (Docs. 8, 9).  On May 2, 2025, Davis filed a motion for leave to file an amended complaint, along with a proposed first amended complaint and exhibits.  (Docs. 10, 10-1, 10-2, 10-3, 10-4).

**I.  Motion for Leave to Amend**

"Plaintiffs are entitled to amend their complaint once as a matter of course prior to service." Ravan v. Benton, 2021 U.S. Dist. LEXIS 180333, at *4, 2021 WL 4270127, at *2 (S.D. Ga. Sept. 2, 2021) (citing Fed. R. Civ. P. 15(a)(1)), report and recommendation adopted, 2021 U.S. Dist. LEXIS 178926, 2021 WL 4269877 (S.D. Ga. Sept. 20, 2021); see also Open on Sunday LLC v. Michel, 2023 U.S. Dist. LEXIS 100396, at *2 n.2, 2023 WL 3875051, at *1 n.2 (N.D. Ga. Apr. 28, 2023) ("Plaintiff amended its complaint before service of process had been executed on any of the named Defendants and thus was able to amend as a matter of course."); Fed. R. Civ. P. 15(a)(1).  Davis has not served any of the defendants with process in this case, and the Court has already granted Davis leave to file an amended complaint to correct pleading deficiencies.  Therefore, it was unnecessary for Davis to file a motion for leave to amend his complaint.  However, though unnecessary, Davis's motion for leave to amend (Doc. 10) is **GRANTED**.  The Clerk of Court is **DIRECTED** to docket the proposed

first amended complaint with exhibits (Docs. 10-1, 10-2, 10-3, 10-4) in a new and separate docket entry as Davis's first amended complaint, which is now Davis's operative pleading in this case.

## II. Service of Process Requirement

Davis is hereby informed that because he paid the filing fee and is not proceeding *in forma pauperis* in this action, he is responsible for timely serving process on each of the defendants. See, e.g., Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1280-81 (11th Cir. 2007) ("A plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m)."); D'alessandro v. Lane, 2022 U.S. Dist. LEXIS 168925, at *6, 2022 WL 4305605, at *2 (M.D. Fla. Sept. 19, 2022) ("Because Plaintiff paid the full filing fee and is not proceeding as a pauper, he is responsible for service of process.").[2]

Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff must complete service of process on a defendant within ninety days after his complaint is filed.[3]  See Fed. R. Civ. P. 4(m).  Davis

---

[2] The Court notes that Davis has already been provided with a copy of this Court's Pro Se Litigant Handbook.  Davis is referred to the Pro Se Litigant Handbook (in particular, pages 22-24) for information on completing service of process.

[3] Rule 4(m) states, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own

(Continued)

filed his complaint in this case on February 28, 2025; therefore, the current Rule 4(m) deadline for Davis to complete service of process on all defendants is May 29, 2025.[4]  However, given that Davis is proceeding *pro se* and only recently amended his complaint and paid the filing fee, the Court will *sua sponte* extend the time for Davis to complete service of process on the defendants in this case.  The deadline for Davis to complete service of process on all defendants pursuant to Federal Rule of Civil Procedure 4(m) is hereby **EXTENDED** to **June 30, 2025.**[5]

Davis is **cautioned** that if he does not complete service of process on a defendant by this deadline and does not file a timely

---

> after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[4] The ninety-day time limit for service "provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint." Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. 2006).  Davis's amended complaint does not add any new defendants and therefore does not restart the clock with respect to the ninety-day time limit for completing service of process under Rule 4(m).

[5] "If service is completed by summons, the party or person making service shall file proof thereof within seven (7) days of the date of service." S.D. Ala. CivLR 4(a)(1).  Likewise, "[i]f service is waived [by a defendant], [the plaintiff] shall file the waiver of service with the Court within seven (7) days after receipt of the waiver." S.D. Ala. CivLR 4(a)(2).

4

motion for an extension of time showing good cause for the failure to complete service by the deadline, the undersigned will recommend that this action be dismissed without prejudice against the unserved defendant pursuant to Federal Rule of Civil Procedure 4(m).

**DONE** this **20th** day of **May, 2025.**

>                    /S/ SONJA F. BIVINS
>           **UNITED STATES MAGISTRATE JUDGE**