IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIK DAVIS, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 25-00101-KD-B |
| | * |
| THE CITY OF SELMA, *et al.*, | * |
| | * |
|     Defendants. | * |

**ORDER**

This action is before the Court on Plaintiff Erik Davis's motion for leave to serve Defendant Malachai M. Washington by publication (Doc. 24).[1]  Davis, who is proceeding without an attorney but paid the filing fee for this civil action, asserts that he "can't locate defendant Malachai Washington after searching diligently," and that Selma City Attorney Major Madison "did not accept service on behalf of Malachai Washington because he is no longer employed by the City of Selma, Alabama." (Id. at 1). Davis "requests leave to serve summons for defendant Malachai Washington by publication within the Selma Times Journal or any other means decided by this Court." (Id.).

A plaintiff may serve an individual defendant within a judicial district of the United States by following state law for

---

[1] The motion has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

serving a summons in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Pursuant to Federal Rule 4(e)(1), a plaintiff who files a complaint in federal district court in Alabama can effect service on a defendant by any means permitted by Alabama law.

Where a plaintiff brings a legal claim, as Davis does in this case, Alabama Rule of Civil Procedure 4.3(a)(2) "limits service by publication to 'a defendant who avoids service of process as described in subdivision (c) of this rule.'" Am. Indoor Football Ass'n, Inc. v. Lockwood, 267 F.R.D. 663, 666 (M.D. Ala. 2010) (quoting Ala. R. Civ. P. 4.3(a)(2)). Alabama Rule 4.3(c) states, in part: "When a defendant avoids service and that defendant's present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned it to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication." Ala. R. Civ. P. 4.3(c). Thus, under the Alabama Rules of Civil Procedure, "service by publication may be permitted if three conditions have been met: (1) that the defendant has avoided service; (2) that the defendant's present location or residence is unknown; and (3) that the process server has failed to effect service upon the defendant and the process server has certified that fact of failure." Acosta v. Slocumb L.

2

Firm, LLC, 2018 U.S. Dist. LEXIS 245616, at *2-3, 2018 WL 11399461, at *1 (M.D. Ala. Nov. 2, 2018) (citing Ala. R. Civ. P. 4.3(c)).

As indicated above, a "showing that the defendant . . . has *avoided* service is a prerequisite to service by publication." Nichols v. Pate, 992 So. 2d 734, 737 (Ala. Civ. App. 2008) (emphasis added).[2]  The mere "fact that serving a defendant has proven to be a difficult and onerous task does not equate with a finding that a defendant is avoiding service." Bedgood v. Garcia, 2009 U.S. Dist. LEXIS 50553, at *11, 2009 WL 1664131, at *4 (M.D. Ala. June 15, 2009); see Beasley v. United States, 162 F.R.D. 700, 702 (M.D. Ala. 1995) (finding under Alabama law that a plaintiff's inability to ascertain the current location or residence of a defendant and a process server's failed attempts to effectuate service are insufficient to demonstrate that a defendant "is responsible for this failure of service because he is hiding from or avoiding it").  Instead, Alabama Rule 4.3(c) "has been

---

[2]  The Committee Comments to Rule 4.3 explain that:

> more than mere inability to find the defendant is required because of the use of the term "avoidance" of service.  Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication.

Wheeler Bros. v. Bing, 2021 U.S. Dist. LEXIS 253671, at *6, 2021 WL 6973870, at *3 (M.D. Ala. May 4, 2021) (citing Committee Comments to Ala. R. Civ. P. 4.3(c)).

3

interpreted to require 'proof of "culpability" or "hiding out" by a defendant' before service by publication is appropriate." Fletcher v. Wilson, 2017 U.S. Dist. LEXIS 152525, at *16, 2017 WL 4167443, at *6 (N.D. Ala. Sept. 20, 2017) (citations omitted).

"A successful motion for service by publication must also include an affidavit which 'aver[s] specific facts of avoidance' that go beyond '[t]he mere fact of failure of service.'" Acosta, 2018 U.S. Dist. LEXIS 245616, at *3, 2018 WL 11399461, at *1 (quoting Ala. R. Civ. P. 4.3(c)); see Ala. R. 4.3(d)(1). "In other words, an affidavit in support of a motion for service by publication must provide details of the purported avoidance of service by a defendant, and not simply be a recitation of conclusory statements." Acosta, 2018 U.S. Dist. LEXIS 245616, at *3, 2018 WL 11399461, at *1.

Davis did not submit an affidavit as required by Alabama Rule 4.3(d)(1), and his motion for leave to serve Defendant Washington by publication is due to be denied on that basis alone. See Wheeler Bros. v. Bing, 2021 U.S. Dist. LEXIS 253671, at *8, 2021 WL 6973870, at *3 (M.D. Ala. May 4, 2021) (finding that even though plaintiff made "an otherwise meritorious argument for service by publication," his motion to serve by publication was due to be denied for failure to comply with the affidavit requirements of Alabama Rule 4.3(d)(1)). More fundamentally, Davis has provided nothing to suggest that Defendant Washington has avoided service

4

or is avoiding service.  Instead, Davis merely states that he "can't locate" Defendant Washington "after searching diligently." (See Doc. 24 at 1).  These vague and conclusory statements are not sufficient to show avoidance of service on the part of Defendant Washington.  Therefore, Davis's motion for leave to serve Defendant Washington by publication (Doc. 24) is **DENIED**.

The Court notes that it has already granted Davis two *sua sponte* extensions of the ninety-day service period provided by Federal Rule 4(m), but Davis still has yet to complete service on Defendant Washington.  Nevertheless, in consideration of his *pro se* status, the Court will provide Davis with one final *sua sponte* extension of the time limit under Federal Rule 4(m) to allow him to locate and complete service of process on Defendant Washington.  Accordingly, Davis is **ORDERED** to complete proper service of process on Defendant Washington on or before the extended Federal Rule 4(m) deadline of **November 26, 2025.**  If Davis requires additional time to perfect service on Defendant Washington, he must file a timely motion for extension of time showing good cause for such relief, or the undersigned will recommend that this action be dismissed without prejudice against Defendant Washington pursuant to Federal Rule of Civil Procedure 4(m).

**DONE** this **30th** day of **October, 2025.**

> **/s/ SONJA F. BIVINS**
> **UNITED STATES MAGISTRATE JUDGE**

5