IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

ERIK DAVIS,                      *
                                 *
     Plaintiff,                  *
                                 *
vs.                              *   CIVIL ACTION NO. 25-00101-KD-B
                                 *
THE CITY OF SELMA, *et al.*,     *
                                 *
     Defendants.                 *

## REPORT AND RECOMMENDATION

This action is before the Court on Defendants the City of Selma, the Selma Police Department, and Officer Joseph Ellis's motion to dismiss Plaintiff's amended complaint and memorandum brief in support (Docs. 17, 18). The motion has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, and for the reasons stated herein, the undersigned recommends that Defendants' motion to dismiss be **GRANTED in part** and **DENIED in part**, as set out below.

## I.    BACKGROUND

Plaintiff Erik Davis ("Davis"), who is proceeding *pro se*, commenced this action by filing a complaint in the United States District Court for the Middle District of Alabama. (Doc. 1). This action was subsequently transferred to the United States District Court for the Southern District of Alabama. (Docs. 4, 5).

Following transfer, this Court conducted a *sua sponte* review of Davis's complaint. In an order dated March 17, 2025, the Court informed Davis that his complaint was an impermissible shotgun pleading that violated federal pleading standards and failed to provide adequate notice of his claims and the factual grounds on which they were based. (Doc. 6 at 4). The Court explained to Davis that his complaint violated Federal Rule of Civil Procedure 10(b) and the rule against shotgun pleadings because it did not separate his claims into different counts, it did not make clear what claims he was attempting to assert, and it did not specify which factual allegations were intended to support which claims for relief or causes of action. (Id.). The Court informed Davis that his complaint was also a shotgun pleading because it tried to assert multiple claims against multiple defendants but did not specify which of the defendants each claim was brought against, nor did it make clear which defendants' acts or omissions formed the basis for which claims. (Id. at 4-5). The Court further noted that the complaint bore hallmarks of a shotgun pleading because it included a number of immaterial facts not obviously connected to any particular cause of action. (Id. at 5).

The Court recognized that Davis was trying to assert claims under 42 U.S.C. § 1983 but noted that he had not separated his putative § 1983 claims into different counts as required, nor had he specified the factual basis for each such claim or made clear

which claims were asserted against which defendants. (Id.). The Court also explained to Davis that his complaint violated the general rule prohibiting fictitious party pleading in federal court. (Id. at 6-7). Finally, the Court informed Davis that the Selma Police Department was not a proper defendant in this action. (Id. at 7).

The Court struck Davis's complaint as an impermissible shotgun pleading but granted Davis leave to file an amended complaint that addressed and corrected the noted pleading defects. (Id. at 8). To assist Davis in drafting a complying amended complaint, the Court informed him of the general pleading standards for a complaint in federal court and the more specific requirements to state a claim on which relief may be granted under 42 U.S.C. § 1983. (Id. at 2-3, 9-11). The Court also provided the following instructions to assist Davis in drafting his amended complaint:

> In drafting his amended complaint, Plaintiff must plead his claims with enough specificity to conform to Rules 8 and 10 of the Federal Rules of Civil Procedure and must address and correct the deficiencies outlined in this order. This includes: (1) identifying his pleading as an amended complaint; (2) naming only proper defendants and omitting purely fictitious defendants; (3) stating his allegations in numbered paragraphs, each limited as far as practicable to a single set of circumstances; (4) stating each cause of action or claim for relief in a separate count, and specifically identifying the legal basis for each cause of action or claim for relief asserted;[1] (5) providing the specific

---

[1] The Court informed Davis that if he asserted claims for relief under 42 U.S.C. § 1983 in his amended complaint, he was required

factual grounds upon which each cause of action or claim
for relief is based, and clearly indicating which facts
are intended to support which causes of action or claims
for relief; (6) specifying which claims for relief or
causes of action are asserted against which defendants,
and specifying the conduct that each defendant is
alleged to have engaged in with respect to each cause of
action or claim for relief asserted against that
defendant; and (7) stating the relief he seeks.

(Id. at 8-9).  The Court cautioned Davis that if he did not file
an amended complaint within the ordered time, or if he filed an
amended complaint that failed to address and correct the noted
pleading defects, the undersigned would recommend that this action
be dismissed.  (Id. at 12).

Davis did not file an amended complaint within the ordered
time, but he subsequently filed a motion for leave to file an
amended complaint and a proposed amended complaint with exhibits.
(Docs. 10, 10-1, 10-2, 10-3, 10-4).  The Court found that Davis's
motion for leave to amend was unnecessary but nevertheless granted
the motion and directed the Clerk to docket the proposed amended
complaint with exhibits in a new and separate docket entry.  (Doc.
11 at 2-3).  On May 20, 2025, the Clerk docketed the amended
complaint with exhibits.  (Docs. 12, 12-1, 12-2, 12-3).  The
amended complaint docketed by the Clerk is now Davis's operative
pleading in this case.

---

to "allege separate counts for each claimed constitutional
violation."  (Doc. 6 at 9 n.5).

On July 14, 2025, Defendants the City of Selma, the Selma Police Department, and Officer Joseph Ellis (collectively, "Defendants")[2] filed the instant motion to dismiss Davis's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), along with a memorandum brief in support of the motion to dismiss. (Docs. 17, 18). Defendants argue that the amended complaint is due to be dismissed with prejudice because, like the original complaint, it is a shotgun pleading that fails to comply with federal pleading standards and fails to provide adequate notice of the claims being asserted and the grounds upon which each claim rests. (Doc. 18 at 13, 16). Defendants assert that the amended complaint "is a shotgun pleading of the second type" because "it is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." (Id. at 16 (quotation omitted)). Defendants assert that the amended complaint "is also a shotgun pleading of the third type, as it does not separate into a different count each cause of action or

---

[2] Davis's operative amended complaint names as Defendants the City of Selma, the Selma Police Department, Selma Police Department officer Joseph Ellis, and former Selma Police Department officer Malachai M. Washington. (Doc. 12). Davis served the City of Selma, the Selma Police Department, and Officer Ellis, but he did not complete service of process on Malachai M. Washington. (See Doc. 24). On January 5, 2026, the Court dismissed Davis's claims against Malachai M. Washington without prejudice for failure to timely serve Defendant Washington with process pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 29). Accordingly, the City of Selma, the Selma Police Department, and Officer Joseph Ellis are the only remaining Defendants in this action.

claim for relief." (Id.). Defendants further contend that the amended complaint "is a shotgun pleading of the fourth type" because it "fails to specify which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." (Id. at 17 (quotation omitted)). Defendants acknowledge that Davis appears to have attempted to correct this last deficiency "by creating separate headings for each Defendant, except the Selma Police Department, and citing certain 'deprivation[s] of rights, privileges or immunities' under each heading." (Id.). However, Defendants maintain that Davis's allegations directed at each defendant remain vague, confusing, and insufficient. (Id. at 17-19). Defendants also point out that Davis's claims against the City of Selma "appear to arise from the alleged conduct of several unidentified officials, agents, and/or employees of the City as well as other entities, such as Dallas County," and they note that "the City is not liable for constitutional violations that occur outside its custody and control, . . . nor can the City be held vicariously liable for the alleged conduct of its employees, officials, and/or agents in a § 1983 action." (Id. at 19).

Defendants assert that Davis "failed to make the corrections set out in this Court's extensive [repleading] order," and they provide examples of how Davis "blatantly ignored several of the Court's instructions." (Id. at 21). Because Davis "was given an

6

opportunity to correct his pleading defects" and "failed to do so," Defendants maintain that "the amended complaint is due to be dismissed as an impermissible shotgun pleading as a matter of law." (Id.).

Davis filed a response to the motion to dismiss, which fails to address Defendants' substantive arguments for dismissal. (Doc. 25). Instead, in the response, Davis appears to request leave to file a second amended complaint and to move for summary judgment and sanctions against Defendants. (See id.). Defendants filed a reply noting Davis's failure to address their arguments for dismissal and arguing that the requests for court action embedded in Davis's purported response should be denied. (Doc. 26). Having been fully briefed, Defendants' motion to dismiss is ripe for resolution.

## II. **STANDARDS OF REVIEW**

### A. **Rule 12(b)(6).**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

7

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010).

When evaluating a motion to dismiss under Rule 12(b)(6), a court "must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Almanza v. United Airlines, Inc., 851 F.3d 1060, 1066 (11th Cir. 2017). That said, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011). A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

**B.   Rules 8 and 10.**

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the .

. . claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 555 (quotation omitted). Each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Relatedly, Rule 10(b) mandates that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" to the extent doing so "would promote clarity." Fed. R. Civ. P. 10(b).

These rules "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." <u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four general types or categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire

complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321-23. The unifying characteristic of all shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

### C.   *Pro Se* Litigation.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Even a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

10

### III. <u>DISCUSSION</u>

Having reviewed Davis's amended complaint, the Court agrees with Defendants that it commits several shotgun pleading sins and fails to comply with the Court's repleading order in several respects. For example, instead of separating his claims for relief or causes of action into different counts as directed, Davis seemingly attempts to list his claims in a single "Statement of Claim" section that includes separate headings for two of the three remaining Defendants (namely, Officer Joseph Ellis and the City of Selma). However, while the Court concludes that the majority of Davis's ill-defined claims in this action are due to be dismissed on shotgun pleading grounds, the undersigned does not find it appropriate to dismiss all of Davis's claims against Officer Joseph Ellis.

### A.    Officer Joseph Ellis.

Like the rest of his amended complaint, Davis's "Statement of Claim" against Officer Joseph Ellis undoubtedly has some attributes of a shotgun pleading, but the undersigned cannot agree with Defendants that *all* of Davis's claims against Officer Ellis should be dismissed on shotgun pleading grounds. Notably, despite Davis's failure to separate his claims into different counts, the amended complaint – which must be construed liberally – articulates several claims against Officer Ellis with reasonable clarity.

In particular, the Court has little difficulty discerning that the amended complaint asserts claims against Officer Ellis under 42 U.S.C. § 1983 for: (1) violating Davis's First Amendment rights by arresting him in retaliation for his speech;[3] (2) violating Davis's Fourth Amendment right to be free from unreasonable seizures by using excessive force during his arrest;[4] and (3) violating his Fourth and/or Fourteenth Amendment rights[5]

---

[3] (See Doc. 12 at 5, 7 ("(6) Officer Ellis then approached plaintiff and asked what was going on, plaintiff then tried to explain to officer Ellis but was cut short after officer Ellis asked plaintiff to place his (plaintiff's) hands behind his back because plaintiff was under arrest.  Officer Ellis made clear that plaintiff was under arrest for what plaintiff said. . . . (9) Officer Ellis arrested Plaintiff because of what plaintiff said.  Congress shall make no law abridging the freedom of speech.  Plaintiffs rights to freedom of speech are substantive rights.  Officer Ellis violated plaintiffs 1st amendment rights[.]")).

[4] (See Doc. 12 at 5, 7 ("(7) . . . Then after being handcuffed (hands behind the back) sufficiently enough to trigger a duty to protect plaintiff, officer Ellis then pushed or shoved plaintiff violently from behind . . . . Officer Ellis's use of force was unjustified and unwarranted. . . . Plaintiff requested that officer Ellis remove his hands from plaintiff for legitimate health reasons (or legitimate health concerns) but officer Ellis . . . continued to shove and push plaintiff causing plaintiff to repeatedly loose his balance because plaintiff was dizzy.  Plaintiff tried to comply but there were multiple officers speaking to plaintiff and officers shoving on plaintiff without prior orders or commands.  Plaintiff posed no threat. . . . (10) Execessive Force (violation of 4th Amendment rights which prohibits unreasonable seizure).")).

[5] Generally, "while the Fourth Amendment prevents the use of excessive force during arrests, and the Eighth Amendment serves as the primary source of protection against excessive force after conviction, it is the Fourteenth Amendment that protects those who exist in the in-between – pretrial detainees." Piazza v. Jefferson County, Ala., 923 F.3d 947, 952 (11th Cir. 2019) (internal

by failing to intervene in Officer Malachai M. Washington's allegedly unconstitutional use of force.[6]  Because the amended

---

citations omitted).  However, "the line is not always clear as to when an arrest ends and pretrial detainment begins." Crocker v. Beatty, 995 F.3d 1232, 1247 (11th Cir. 2021) (quoting Garrett v. Athens-Clarke County, 378 F.3d 1274, 1279 n.11 (11th Cir. 2004)). Consequently, "the line - for excessive-force purposes – between an arrestee and a pretrial detainee isn't always clear, either." Id. (citing Hicks v. Moore, 422 F.3d 1246, 1254 n.7 (11th Cir. 2005) ("The precise point at which a seizure ends (for purposes of Fourth Amendment coverage) and at which pretrial detention begins (governed until a conviction by the Fourteenth Amendment) is not settled in this Circuit.")).  Here, it appears that the alleged force by Officer Washington took place after Davis was handcuffed and in police custody but before formal booking or initial appearance.  See id. at 1247 n.13 (describing the line between when an arrest ends and pretrial detainment begins as a "legal twilight zone" for the purpose of excessive force claims).  Thus, it is not entirely clear, nor does the Court find it necessary to determine at this juncture, whether Davis's claim against Officer Ellis for failing to intervene against Officer Washington's alleged assault should be analyzed under the Fourth or Fourteenth Amendments.  See Hodge v. Taylor, 2014 U.S. Dist. LEXIS 91584, at *8-9 n.4, 2014 WL 3058544, at *3 n.4 (M.D. Ala. July 7, 2014) (where alleged assault by deputy took place after plaintiff's arrest but before his formal booking or initial appearance, finding it unnecessary to determine at the pleading stage whether plaintiff's excessive force claims were properly brought under the Fourth or Fourteenth Amendments).

[6] (See Doc. 12 at 6-8 ("(8) Plaintiff was then told by officer Malachai M. Washington 'get in the backseat immediatly or we gonna whip your ass' . . . . Plaintiff reasonably questioned the officers stating 'bitch how am I supposed to get back there?'.  Plaintiff was then grapped, tossed, shoved or throwed handcuffed, headfirst into the reinforced door jam of the patrol car with no way to defend himself or break his fall.  Plaintiff was assaulted by officer Malachai M. Washington (causing multiple injuries to plaintiffs wrists elbow and shoulders) (while plaintiff tried to enter the backseat).  Plaintiff begged officer Malachai to stop then officer Malachai pulled out his taser then brandished it (the taser) in front of plaintiff's face then pointed the taser at plaintiffs chest while on top of plaintiff in the backseat.

complaint provides adequate notice of these claims and their underlying factual grounds, the undersigned submits that these claims should not be dismissed as shotgun pleadings. See Palmer v. Menser (In re Menser), 2021 Bankr. LEXIS 2977, at *14, 27, 2021 WL 5019033, at *3, 7 (Bankr. N.D. Ga. Oct. 28, 2021) (declining to dismiss entire complaint as a shotgun pleading but dismissing certain counts with prejudice as shotgun pleadings); J.T. v. Sch. Bd. of Osceola Cnty., 2020 U.S. Dist. LEXIS 272782, at *10, 2020 WL 13900349, at *3 (M.D. Fla. July 15, 2020) (dismissing two of the complaint's six counts as shotgun pleadings).

In addition to the claims identified above, it appears that Davis may be attempting to assert one or more claims against Officer Ellis somehow relating to photographs that Officer Ellis took at some point. However, Davis fails to adequately identify or delineate these putative claims, and the factual allegations

---

Officer Malachai then shot plaintiff twice in chest and stomach area. Officer Washingtons actions were unwarranted and unjustifiable. Officer Ellis did not offer plaintiff any assistance and stated wait until we get into the elevator. . . . There was a legal duty to intervene and protect plaintiff. . . . (11) Officers also have an affirmative duty to protect individuals from constitutional violations by fellow officers. Officer Ellis knew that officer Malachai Washington cause harm to plaintiff because plaintiff spoke freely about the lack of room . . . in the backseat of officer Ellis's transport vehicle. Force was applied maliciously and sadistically for the very purpose of causing harm because plaintiff exercised his right or rights to speak freely. . . . Plaintiff was subjected to cruel and unusual punishment . . . . Officer Ellis had an opportunity to intervene and stop officer Malachai Washington but chose not to intervene.")).

underlying the claims are either nonexistent or nearly devoid of relevant detail. Thus, the Court is unable to determine what type of claim(s) Davis may be asserting against Officer Ellis in addition to the claims specifically identified above, or what facts such claim(s) are based on. Accordingly, to the extent Davis's amended complaint can be construed to assert claims against Officer Ellis other than the First Amendment retaliation, excessive force, and failure-to-intervene claims specifically identified by the Court above, the undersigned submits that any such claims are due to be dismissed as impermissible shotgun pleadings.

**B.    City of Selma and Selma Police Department.**

Although the undersigned does not find it proper to dismiss all claims against Officer Ellis, the Court agrees with Defendants that Davis's claims against the City of Selma and the Selma Police Department are due to be dismissed in their entirety on shotgun pleading grounds. In the amended complaint, Davis alleges certain constitutional (and arguably other) violations under the heading for the City of Selma, but his allegations are made in a manner that unduly increases the burden on Defendants and the Court to ascertain the nature of the claims being asserted against the City and the factual grounds supporting such claims.

Davis's "Statement of Claim" against the City of Selma is undoubtedly a shotgun pleading of the third type, since it does not separate each cause of action or claim for relief into a

15

different count.  See Weiland, 792 F.3d at 1322-23.  Because of
Davis's failure to separate his claims into different counts, it
is unclear whether certain paragraphs under the heading for the
City of Selma (or certain portions of paragraphs) are intended as
causes of action or claims for relief, or as allegations in support
of some unidentified cause of action or claim for relief.  Davis
asserts several of his putative claims against the City of Selma
in a purely perfunctory or formulaic manner with no factual
enhancement or explanation of his theory of liability against the
City.[7]  Indeed, Davis indicates that he seeks to hold the City of
Selma liable for the actions of its employees, but he fails to
clearly identify the relevant employees and fails identify any
policy, custom, or practice by the City that caused the alleged
constitutional violations as required.  See Hoefling v. City of
Miami, 811 F.3d 1271, 1279 (11th Cir. 2016).  Davis also creates
confusion as to what type of claims he is invoking against the
City of Selma because his allegations are frequently vague and
unclear, and because he sometimes references multiple

---

[7] For example: "(20) The 8th amendment to the United States
Constituion protects against punishments considered to be cruel
and unusual.  The 8th amendment was violated."  (Doc. 12 at 9).
"(23) There was no prompt judicial determination as required by
the 4th amendment."  (Id. at 10).

16

constitutional or legal provisions within a single paragraph.[8]
Indeed, Davis's "Statement of Claim" against the City of Selma is
undoubtedly a shotgun pleading of the second type, as it is replete
with conclusory, vague, and seemingly immaterial facts or
assertions that have no obvious connection to any particular cause
of action.  See Weiland, 792 F.3d at 1322.

---

[8] For example: "The 6th amendment garantees a speedy trial with no
delays or evidence spoilage so that the jury is impartial and can
fairly consider evidence (see also Article 1 section 6 of the
Alabama Constitution and rule 10 federal rules of civil procedure
'ensuring that the defendant has a copy of the indictment or
information'). The 6th amendment was violated. Among other things
rule 10 of the Federal Rules of Criminal Procedures was also
violated (The requirement that the defendant shall be given a copy
of the indictment or information before he is called upon to
plead)." (Doc. 12 at 9). "(24) The defendant or the City of Selma
employees, failed to preserve critical evidence (officer Hope died
shortly before trial, officer Hope statements or what he witnessed
was not preserved (there was plenty of time the motion to preserve
evidence was filed about 6 months before officer Hope was killed),
the preservation of evidence is crucial for ensuring a fair trial,
there is no means for plaintiff to cross-examine officer Hope's
witness statement).  The Fourth Amendment also protects
individuals from unlawful arrests." (Id. at 10). "(25) An order
was issued to provide plaintiff with the discovery evidence
requested but the order was ignored by the defendants or
prosecutions team, this evidence would play a signicant role.
Plaintiffs rights to a speedy trial was also violated under the
sixth amendment the accused shall enjoy the right to a speedy
trial.  There is also evidence of reputation concerning character
or a reputation among the officer (or officer's) associates or in
the community concerning the officer plaintiff seeks discovery
(the burden of proof was on the prosecution he could have dropped
the case agaist plaintiff within the municipal court).  Officer
Ellis stated in open court that the city only allows attorneys to
recieve bodycam video from the department, not defendants.  This
was the reason for the delay. (5 U.S.C 552 states that upon any
request for records the agency should make the records promptly
available to 'any person' (see also freedom of information act,
officer Ellis is an employee of the City of Selma))." (Id. at 10).

Notably, Davis's factual allegations relate almost exclusively to the events and actions of Selma Police Department officers on the date of his arrest, but most of his "Statement of Claim" section under the heading for the City of Selma appears to relate to the actions of unidentified individuals during his subsequent prosecution, despite the near-total absence of corresponding factual allegations. Moreover, as Defendants point out, some of Davis's putative § 1983 claims against the City of Selma seem to arise from the acts or omissions of unidentified individuals who are likely not even affiliated with the City (such as employees of the Dallas County District Attorney's Office or the Dallas County Circuit Court). (See Doc. 12 at 9-11).

Based on the foregoing, there is no question that the amended complaint fails to provide adequate notice of the claims being asserted against the City of Selma and the grounds upon which each claim rests and materially increases the burden of understanding the claims being asserted against the City and their underlying factual allegations. Consequently, Davis's claims against the City of Selma are due to be dismissed as shotgun pleadings.

Davis's allegations against the Selma Police Department, to the extent they exist at all, are even more deficient.[9]   The

---

[9] The Court informed Davis in the repleading order "that the Selma Police Department is not a proper defendant because an Alabama 'city's police department is not a suable entity or a proper party

"Statement of Claim" section of the amended complaint does not include a heading for the Selma Police Department, nor does the amended complaint specify what claims (if any) are asserted against the Selma Police Department. Consequently, Davis's unidentified claims against the Selma Police Department are due to be dismissed for failure to comply with the notice pleading requirements of Rule 8(a)(2).[10]

In summary, Davis's amended complaint, particularly as it relates to the City of Selma and the Selma Police Department, is afflicted with many of the same fundamental defects as its predecessor and clearly reflects a less-than-halfhearted attempt

---

under state law or for § 1983 purposes.'" (Doc. 6 at 7 (citation omitted)). The Court also directed Davis to name only proper defendants in his amended complaint. (Id. at 8). Despite these instructions, Davis's amended complaint continues to list the Selma Police Department as a Defendant, although it does not appear to direct any particular claims against the Selma Police Department. (See Doc. 12).

[10] Despite being directed to omit purely fictitious defendants, Davis purports to sue at least one "fictitious party" in his amended complaint. (See Doc. 12 at 1-3). However, Davis's description of the "fictitious defendant" is rambling and confusing and does not appear to identify any particular individual. Instead, Davis seemingly asks the Court to "decide" the identity of a "fictitious defendant who has final policymaking authority." (See id. at 2-3). To the extent Davis is suing one or more fictitious defendants, he fails to adequately identify those fictitious defendants or provide sufficient notice of his claims against them. Davis's vague, rambling, and muddled allegations regarding a "fictitious party" fall outside the narrow exception to the rule against fictitious party pleading and are also due to be dismissed based on Davis's failure to provide adequate notice of his claims against any fictitious defendant.

to cure the pleading deficiencies outlined in the Court's repleading order.[11]  Most importantly, with the exception of the specifically identified § 1983 claims against Officer Ellis for First Amendment retaliation, excessive force, and failure to intervene, the amended complaint is a shotgun pleading that still fails to provide adequate notice of the claims Davis is attempting to assert against each Defendant and the factual grounds upon which each claim rests.  See Weiland, 792 F.3d at 1323.  Thus, *with the exception of the specifically identified § 1983 claims against Officer Ellis*, the undersigned finds that dismissal of all claims in the amended complaint is warranted based on Davis's repeated failure to submit a complaint that complies with the Federal Rules of Civil Procedure.

### C.    Davis Should Not Be Granted Further Leave to Amend.

*Pro se* plaintiffs must generally be given at least one chance to remedy pleading deficiencies before their action can be dismissed on shotgun pleading grounds.  Nezbeda v. Liberty Mut. Ins. Corp., 789 F. App'x 180, 183 (11th Cir. 2019) (per curiam). "Once a district court gives a plaintiff fair notice of the specific defects in the complaint and a meaningful chance to fix

---

[11] Indeed, Davis blatantly disregarded several of the most basic instructions in the repleading order, including the instruction to identify his pleading as an amended complaint, the instruction to state each claim in a separate count, the instruction to omit purely fictitious defendants, and the admonition that the Selma Police Department is not a proper defendant in this action.

them, dismissal with prejudice on shotgun pleading grounds is proper if a plaintiff files an amended complaint afflicted with the same defects." Halstead v. Espinoza, 2023 U.S. App. LEXIS 5529, at *4, 2023 WL 2399288, at *2 (11th Cir. Mar. 8, 2023) (per curiam) (citing Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358-59 (11th Cir. 2018) ("Here, after being put on notice by Defendants of the specific defects in their complaint, the Jacksons filed an amended complaint afflicted with the same defects, attempting halfheartedly to cure only one of the pleading's many ailments . . . . The District Court should have dismissed the amended complaint with prejudice because . . . the amended complaint was incomprehensible.")); see also Pelletier v. Zweifel, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991) ("If Pelletier had refused to comply with the court's directive to file a repleader in conformity with the rules of civil procedure, the court could have dismissed the complaint under Fed.R.Civ.P. 41(b), on the ground that Pelletier failed to comply with Fed.R.Civ.P. 8(a) and (e) to provide a short, clear, and concise statement of the claim.") (citations omitted), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008). "Multiple cases support the dismissal without leave to replead of a *pro se* pleading on shotgun pleading grounds where the *pro se* plaintiff has been advised of the deficiencies in the pleading and has failed to correct them." Behr v. Campbell, 2022 U.S. Dist. LEXIS 48682, at

*15 n.3, 2022 WL 1176949, at *5 n.3 (S.D. Fla. Mar. 18, 2022) (collecting cases).  The Eleventh Circuit has explicitly stated that it "will not adopt a rule requiring district courts to endure endless shotgun pleadings."  Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1297 (11th Cir. 2018).

As described in detail above, the Court's repleading order explained why Davis's original complaint was a shotgun pleading that left the Court without adequate notice as to which claims for relief or causes of action Davis was attempting to assert against each defendant and which factual allegations were intended to support each of his claims.  The Court provided specific instructions on how to correct the identified deficiencies and formulate a proper amended complaint that provided adequate notice of Davis's claims and their underlying factual grounds.  The Court warned Davis in no uncertain terms that filing an amended complaint that did not address and correct the noted deficiencies in his original complaint would result in a recommendation that this action be dismissed.

In disregard of the Court's warning and instructions, Davis filed an amended complaint that contains many of the same fundamental pleading errors identified by the Court previously and is arguably even more difficult to parse than his initial complaint in several respects.  At this juncture, it appears that Davis is unable or unwilling to revise his pleadings to comply with the

Federal Rules of Civil Procedure and the Court's directives, and there is no indication after multiple iterations of the complaint that further opportunities to amend would lead to meaningfully improved results.  Indeed, the proposed second amended complaint included with Davis's response to the instant motion demonstrates as much.[12]

---

[12] The Court notes that as part of his response to Defendants' motion to dismiss, Davis requests leave to file a second amended complaint "if necessary."  (See Doc. 25 at 2-8).  However, "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."  Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1222 (11th Cir. 1999) (per curiam); see Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam) (stating that a request for leave to amend in a response opposing a motion to dismiss is procedurally improper under Federal Rule of Civil Procedure 15 because "[f]iling a motion is the proper method to request leave to amend a complaint").  Davis has had more than ample time to file a motion for leave to amend but has failed to do so, and the request for leave to amend made in Davis's response to the motion to dismiss is due to be denied as procedurally improper.  See, e.g., Burgess v. Religious Tech. Ctr., Inc., 2014 U.S. Dist. LEXIS 185513, at *27, 2014 WL 11281382, at *8 (N.D. Ga. Feb. 19, 2014) ("As they did not properly request leave to amend, the Court must accept the named plaintiffs' complaint in its current form and cannot grant a request for leave to amend contained in a response to a motion to dismiss."), aff'd, 600 F. App'x 657 (11th Cir. 2015).  Even setting aside its procedural impropriety, the undersigned would recommend that Davis's request for leave to amend be denied because the proposed second amended complaint fails to adequately address and correct his pleading deficiencies.  Among other things, the proposed second amended complaint (or fragment thereof) embedded in Davis's response is poorly organized and rife with unsupported assertions and legal conclusions; its counts are listed perfunctorily without specification of their underlying factual and/or legal basis; its allegations are not stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances; and Davis continues to misunderstand and violate the rule against fictitious party pleading.  Davis's

Accordingly, the undersigned recommends that Defendants' motion to dismiss (Doc. 17) be **GRANTED in part** and **DENIED in part**. Specifically, it is recommended that the motion to dismiss be denied with respect to Davis's § 1983 First Amendment retaliation, excessive force, and failure-to-intervene claims against Officer Joseph Ellis. To the extent Davis's amended complaint includes other federal claims against Officer Ellis, the City of Selma, and the Selma Police Department, it is recommended that any such claims be dismissed with prejudice as shotgun pleadings. See Johnson v. Georgia, 661 F. App'x 578, 581 (11th Cir. 2016) (per curiam) ("In the light of Plaintiff's continued failure to comply with federal pleading requirements, the district court committed no error in dismissing with prejudice Plaintiff's first amended complaint" as a shotgun pleading.); Clifford v. Federman, 855 F. App'x 525, 530 (11th Cir. 2021) (per curiam) ("When the Original Complaint was stricken, Appellants were given another chance to replead and remedy their shotgun pleading issues, but Appellants filed an equally unclear First Amended Complaint. The district court was not required to give Appellants any additional chances to remedy the pleading violations."). To the extent Davis's amended

---

continued failure to comply with federal pleading requirements in the proposed second amended complaint provides additional support for the undersigned's recommendation.

24

complaint includes state law claims against Defendants,[13] the undersigned recommends that the Court dismiss Davis's state law claims without leave to amend, but without prejudice as to refiling them in state court.  See Vibe Micro, 878 F.3d at 1296-97.[14]

---

[13] Although not clear, Davis's amended complaint arguably purports to assert claims against the City of Selma based on alleged violations of the Alabama Constitution.  (See Doc. 12 at 11).

[14] In addition to requesting leave to amend, Davis's response to Defendants' motion to dismiss asserts that he "is entitled to summary judgment as a matter of law" and arguably requests sanctions under Federal Rule of Civil Procedure 11 based on defense counsel's misstatement that Davis was arrested on "February 28, 2025," rather than February 28, 2023.  (Doc. 25 at 1, 14; see Doc. 12 at 3; Doc. 18 at 1).  However, a request for affirmative relief from the Court, such as the entry of summary judgment in Davis's favor or the imposition of sanctions, cannot be embedded in a response to another party's motion to dismiss.  Rather, a party is required to file a properly supported motion seeking the entry of such relief in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.  See Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."); S.D. Ala. GenLR 7 ("A request for Court action must be presented by motion . . . ."); S.D. Ala. CivLR 7(b) ("Except as ordered by the Court, any motion filed pursuant to Fed. R. Civ. P. . . . 56 must be supported by a brief. . . . Failure to file a brief in support of a motion under Fed. R. Civ. P. . . . 56 is sufficient cause to deny the motion . . . .").  Because Davis has not filed a properly supported motion for summary judgment, his request for entry of summary judgment is not properly before the Court.  Davis's request for summary judgment at the pleading stage is also premature and entirely unsupported.  Consequently, Davis's request for the entry of summary judgment in his favor is due to be denied.

Davis's embedded request for Rule 11 sanctions is likewise due to be denied as procedurally improper.  See Fed. R. Civ. P. 7(b); S.D. Ala. GenLR 7; Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).").  The sanctions request is also meritless, as it is clearly based on an inadvertent typographical error by defense

IV.  **CONCLUSION**

Based on the foregoing, the undersigned **RECOMMENDS** that Defendants' motion to dismiss Davis's amended complaint (Doc. 17) be **GRANTED in part** and **DENIED in part**.  Specifically, it is recommended that the motion to dismiss be **DENIED** with respect to Davis's § 1983 First Amendment retaliation, excessive force, and failure-to-intervene claims against Officer Ellis; that all other federal claims asserted against Officer Ellis, the City of Selma, and the Selma Police Department in the amended complaint be **DISMISSED with prejudice**; and that Davis's state law claims against Defendants (to the extent they exist) be **DISMISSED without leave to amend, but without prejudice as to their ability to be refiled in state court.**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. §

---

counsel that had no prospect of misleading the Court in the first instance and has since been corrected in the record.  (See Doc. 26 at 1, 5); see also Fed. R. Civ. P. 11(c)(2) (stating that a Rule 11 motion for sanctions "must not be filed or be presented to the court if the challenged . . . contention . . . is withdrawn or appropriately corrected within 21 days after service" of the motion for sanctions).

636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **8th** day of **January, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

27