IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIK DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:25-00101-KD-B |
| | ) | |
| JOSEPH ELLIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on Plaintiff's Motion for Relief from Judgment or Order and Request for Leave to Amend Complaint. (Doc. 38). Upon consideration, and for the reasons below, the motion is **DENIED**.

### I.    Background

Plaintiff Erik Davis ("Davis")—proceeding pro se—filed this action in the United States District Court for the Middle District of Alabama. (Doc. 1). The action was later transferred to the United States District Court for the Southern District of Alabama. (Docs. 4, 5).

After the transfer, United States Magistrate Judge Sonja Bivins conducted a *sua sponte* review of the complaint. In an order dated March 17, 2025, Judge Bivins informed Davis that his complaint suffered from multiple deficiencies. (Doc. 6) ("repleading order"). Judge Bivins struck the complaint but granted Davis leave to file an amended complaint that corrected the noted pleading defects. (Id. at 8). Judge Bivins provided extensive instructions to assist Davis in drafting his amended complaint. (Id. at 8–9). Judge Bivins cautioned Davis that failure to comply with the order, including the deadline to amend the complaint, would result in a recommendation that this action be dismissed. (Id. at 12).

1

Davis failed to file an amended complaint within the ordered time, but he later filed a motion for leave to file an amended complaint and a proposed amended complaint with exhibits. (Docs. 10, 10-1–4). In an order dated May 20, 2025, Judge Bivins found that the motion for leave to amend was unnecessary but nevertheless granted the motion and directed the Clerk to docket the proposed amended complaint and exhibits in a new and separate docket entry. (Doc. 11 at 2–3).

On July 14, 2025, Defendants the City of Selma, the Selma Police Department, and Officer Joseph Ellis[1] moved to dismiss the amended complaint pursuant to Federal Rule of Civil procedure 12(b)(6). (Docs. 17, 18). Defendants argued that the amended complaint was deficient on several grounds, including the failure to comply with the federal pleading standards and the failure to make the corrections set out in the repleading order. Davis's response to the motion did not address the substantive arguments for dismissal. (Doc. 25). Instead, Davis appeared to request leave to file a second amended complaint and to move for summary judgment as sanctions against the defendants.

On January 8, 2026, Judge Bivins issued a detailed report and recommendation on the motion to dismiss. (Doc. 30). Judge Bivins explained that the amended complaint failed to comply with the repleading order "in several respects." (Id. at 11). Judge Bivins recommended that the claims against the City of Selma and the Selma Police Department be dismissed with prejudice. (Id. at 15). However, Judge Bivins recommended that the motion to dismiss be denied with respect to Davis's § 1983 First Amendment retaliation, excessive force, and failure-to-intervene claims against Officer Ellis. (Id. at 11). To the extent that the amended complaint alleged any other claims against Officer Ellis, Judge Bivins recommended that those claims be dismissed with prejudice.

---

[1] The amended complaint also named officer Malachai M. Washington as a defendant, but Washington was dismissed as a defendant on January 5, 2026, pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 29).

(Id. at 15). Moreover, Judge Bivins recommended that Davis not be granted further leave to amend because the Court already provided specific instructions on how to correct the identified deficiencies and Davis failed to follow those instructions. (Id. at 22).

No objection was filed within the fourteen-day period. On January 28, 2026, this Court adopted the report and recommendation as the opinion of the Court. (Doc. 31). On March 31, 2026, Davis filed an "Emergency Rule 60(b) Motion for Relief from Judgment or Order and Request for Leave to Amend Complaint." (Doc. 38).

**II.    Law**

"Federal Rule of Civil Procedure 60(b) creates a limited authority for trial courts to vacate or set aside their prior final judgments." 2 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 60:4 (2025). But "Rule 60(b) applies only when a party seeks relief from a *final* judgment, order, or proceeding." Id.; Hornady v. Outokumpu Stainless USA, LLC, 118 F.4th 1367, 1379 (11th Cir. 2024) (explaining that Rule "60(b) only come[s] into play after a final, appealable judgment is entered"). "Under the 'final judgment' rule, appeal ordinarily must wait until the trial court has resolved all of the claims in the case." Gensler, supra at § 54:2 (citing 28 U.S.C. § 1291). However, Rule "54(b) allows a district court to direct the entry of final judgment on one or more claim— thereby triggering an immediate appeal of those claims—even though it has not issued a final decision on the other claims in the action." Id.

Federal Rule of Civil Procedure 15(a) governs the amendments of pleadings. After the window to amend as a matter of course has passed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Under this standard, courts should "liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper

3

subject of relief.'" In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "Nevertheless, a motion for leave to amend may appropriately be denied '(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" Id. at 1108–09 (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)). The district court has discretion when determining whether to grant or deny a motion for leave to amend. See, e.g., Foman, 371 U.S. at 182.

### III.    Analysis

Davis seeks relief under Rules 60(b)(2), 60(b)(3), and 60(b)(6) from the orders dismissing Malachai M. Washington, the City of Selma, and the Selma Police Department as defendants. (Doc. 38). Davis also seeks leave to amend his complaint a third time. In response, Defendant Joseph Ellis ("Ellis") argues that Rule 60(b) is an improper vehicle for relief and that the request for leave to file an amended complaint does not comply with the Court's Local Rules. (Doc. 41). In reply, Davis again argues that relief is proper under Rule 60(b). (Doc. 42).

### A.  Davis fails to show that he is entitled to relief from the orders dismissing certain defendants.

Davis makes three arguments for relief. *First*, Davis argues that relief is justified under Rule 60(b)(2) because a policy manual was discovered. *Second*, Davis argues that relief is justified under Rule 60(b)(3) because the municipal attorney's failure to produce a public record constitutes misconduct. *Third*, Davis argues that "the combination of an outdated manual, a modified vehicle that made safety compliance impossible and the intentional deletion of injury photos creates 'extraordinary circumstances' required for Rule 60(b)(6) relief." (Doc. 42 at 2).

4

Rule 60(b) applies only to a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Rule "60(b) only come[s] into play after a final, appealable judgment is entered." Hornady v. Outokumpu Stainless USA, LLC, 118 F.4th 1367, 1379 (11th Cir. 2024). "Under the 'final judgment' rule, appeal ordinarily must wait until the trial court has resolved all of the claims in the case." Gensler, supra at § 54:2 (citing 28 U.S.C. § 1291). Here, the orders Davis seeks relief from did not resolve all of the claims in the case because certain claims against Ellis still exist. Therefore, Davis fails to show that he is entitled to relief under Rule 60(b).

To the extent that Rule 54(b) is applicable, Davis fails to show that relief is warranted. Rule 54(b) allows courts to revisit nonfinal orders. Fed. R. Civ. P. 54(b). "In short, district courts have discretion to revisit their prior interlocutory orders, considering both the weight of the moving party's arguments and the disruption that a change would cause in light of the time that has passed since the decision was initially made." Hornady, 118 F.4th at 1381. Here, the arguments advanced by Davis have no weight because they have no connection to the relevant orders. The Court ordered the dismissal of Malachai M. Washington based on Davis's failure to timely serve Washinton with process under Rule 4(m). The Court ordered the dismissal of the City of Selma and the Selma Police Department based on (1) Davis's failure to comply with the federal pleading standards and (2) Davis's failure to comply with the repleading order specifically outlining the federal pleading standards. Thus, Davis is not entitled to relief under Rule 54(b).

**B. Davis fails to show that he is entitled to leave to amend his complaint.**

Davis argues that he should be given leave to amend because "the court should freely give leave to amend when justice so requires." (Doc. 38 at 2). This is the correct standard. However, the Eleventh Circuit guides that leave to amend may be denied where there has been bad faith or repeated failure to cure deficiencies by amendments previously allowed. In re Engle Cases, 767

F.3d 1082, 1108 (11th Cir. 2014). Here, Davis was previously given leave to amend to cure deficiencies, and the Court provided extensive instructions to assist Davis in drafting his amended complaint. The Court also warned Davis that failure to comply with these instructions would result in a recommendation of dismissal. Instead of complying with the order, Davis "blatantly disregarded several of the most basic instructions." (Doc. 30 at 20 n.11). As a result of Davis's failures to comply with the federal rules and the Court's basis instructions, Judge Bivins recommended that Davis should not be granted further leave to amend.

Clearly, Davis has failed to address the pleading issues that the Court expressly pointed out. "When a party is granted leave to amend but fails to address the problem, that party should not be surprised when the court does not give it a third or fourth chance." Gensler, supra § 15:33. Apart from this issue, Davis's motion wholly fails to comply with the local rules governing motions for leave to amend a complaint. S.D. Ala. CivLR 15. Accordingly, Davis fails to show that he is entitled to leave to amend his complaint.

## IV.     Conclusion

Davis moves for relief under Rule 60(b) from the orders dismissing certain defendants, and Davis moves for leave to amend his complaint. Davis fails to show that relief is justified or that he should be give leave to amend his complaint. Therefore, the motion is **DENIED**.

**DONE** and **ORDERED** this the **7th** day of **May 2026**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**